## MOTT *v.* HAWTHORN.

A SETTLER upon and in possession of public lands of the United States, intending to locate the same under the State School Warrant Act of April 23d, 1858, will lose his rights as against one subsequently locating the land under the act, and receiving the Register's certificate of purchase, if such settler has taken no steps to acquire the title.

APPEAL from the Eleventh District.

The facts are stated in the opinion of the Court.

*Harmon & Curtis*, for Appellant.

I.    The complaint shows that plaintiff has no cause of action, because—

1st.  It shows that defendant has the better title; it avers that defendant holds the certificate of purchase, under the Act of 1858. Now this certificate is *prima facie* evidence of the legal title; (Acts 1859, 227) and unless plaintiff avers something else to give him a better right than he avers defendant has, he states himself out of Court.    This he fails to do, because—

2d.  The only right he claims is, that he settled on the land, and intended to locate it, just as defendant has done, under the Act of 1858.   But he does not state any facts which give him any valid claim to the land, or which prevented defendant's location.

The mere occupancy of public land, as set forth in the complaint, does not prevent, for an indefinite time, other persons locating under the School Warrant Act of 1858.

To have this effect, the occupant must have complied either with the preëmption laws of the United States, or with the Possessory Act of this State.   He must file his affidavits, make his payments, etc.   (See Act of Congress, 1841; Stat. At. L. vol. 5, secs. 10, 13, 15; *Wright* v. *Whitesides*, 15 Cal. 46; *Garrison* v. *Sampson*, Id. 93.)  See also circular from United States Land Office, (Wood's Dig. 745, sec. 7) where it is said, if the settler fails to comply with the preëmption laws, the land may be located, under State laws, by others.

In short, without complying with the United States laws, or with the Possessory Act of this State, a settler cannot have a valid claim to the land, within the third section of the Act of 1858. " If there was a squatter on the lot, it would still be vacant.  Public land on which a settler is seated without authority is still vacant." (6 Bennett, [Mo.] 233; 4 Scam. 527; 2 Gill. 668.)

For authorities on this general subject, see 13 Pet. 436–454;

15 How. 433 ; 5 Porter, 246 ; 5 Miss. 346 ; 2 Penn. 398 ; 6 Mo. 106 ; 11 Ill. 530 ; 15 Id. 131 ; 2 Scam. 283.

II.   It is doubtful whether the plaintiff's remedy is not before the United States Register and Receiver, to prove up his preëmption claim ; or before the State Agent, to locate ; and then the one or the other officer would open the case, and give or refuse a certificate—their decision being final. (13 Ala. 137 ; *Gray* v. *McConnell*, 14 Ill. 342 ; *Isaacs* v. *Steel*, 3 Scam. 97 ; 2 Gill. 598 ; Public Land Laws, 85, 93, 99, 140 ; *Perry* v. *O'Hanlon*, 11 Mo. 591.)

III.   The election offered defendant in the latter part of the judgment, to pay five hundred dollars and take the land, is absurd.

*Hale & Smith*, for Respondent.

No brief on file.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The plaintiff alleges in his complaint that in November, 1857, he settled upon a quarter-section of land in Placer county, belonging to the United States; that the defendant subsequently, in November, 1858, procured the Locating Agent of the State to locate for him the said section, under the Act of April 23d, 1858 ; that the said location has been approved by the Register of the State Land Office; that the defendant has made the first payment of the purchase money, and has received a certificate of purchase from the Register, and now threatens to sue for the possession of the land ; that the plaintiff first ascertained this location in January, 1859, and then protested against it; and has " always been ready, and willing, and desirous " of making the location under the said act himself, and has offered to pay the expenses which the defendant has incurred in obtaining his certificate.   The plaintiff, therefore, prays the Court to restrain the defendant from commencing any suit for the recovery of the land ; from making any further payments upon the purchase, and obtaining any further evidence of title ; and to compel him, upon receipt of the amount of his expenditures, to surrender his certificate to the plaintiff.   A

demurrer was interposed to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The Court overruled the demurrer, and the defendant failing to answer, gave judgment in conformity with the prayer of the complaint, with the additional provision that if the defendant should pay to the plaintiff five hundred dollars within twenty days after notice of the decree, then the plaintiff should surrender the premises, with the improvements.

The complaint shows that the defendant has the better right to the premises. If the plaintiff was "always ready, willing, and desirous" to make a location himself under the School Warrant Act, he should have acted in the matter, and not have allowed another to secure the title.

The judgment must be reversed, with direction to the Court below to dismiss the suit; and it is so ordered.